IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY SYKES,<br><br>   Plaintiff,<br><br> v.<br><br>CIGNA LIFE INSURANCE CO., et al.<br><br>   Defendants.<br>_____ / | No. C 10-01126 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND OTHER PORTIONS OF DEFENDANTS' ANSWER TO COMPLAINT** |

   Presently before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Other Provisions of Defendants' Answer to Complaint. Dkt. 15. For the following reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part** as follows:[1]

  (1) Plaintiff's Motion is **GRANTED with prejudice** insofar as it seeks to strike the following affirmative defenses and paragraphs of the Answer: First and Tenth affirmative defenses and paragraphs "a" and 135.

  (2) Plaintiff's Motion is **GRANTED without prejudice** as to the following affirmative defenses: Second, Third, Fourth, Sixth, Seventh, and Eighth. Defendants shall consolidate those defenses into a single affirmative defense in substantially the form provided on page 4 of their Opposition. Dkt. 19.

---

[1] The Court finds oral argument to be unnecessary and VACATES the hearing scheduled for September 3, 2010.

United States District Court / For the Northern District of California

Defendants shall also specify in that paragraph, to the extent presently ascertainable, which conditions precedent they believe Plaintiff has failed to comply with.

    (3)    In all other respects, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed this ERISA action on March 17, 2010 seeking an award of long term disability benefits allegedly due to him under an employee welfare benefit plan insured by a group policy issued by Defendant Cigna Life Insurance Company of New York. Cigna, along with other Defendants, filed an Answer on June 14, 2010. Plaintiff filed the present Motion to Strike on July 2, 2010, asking the Court to do the following three things: (1) strike the First through Eleventh affirmative defenses; (2) order that certain allegations be deemed admitted; and (3) order that Defendants respond to Plaintiff's legal conclusions.

Defendants agree in their Opposition (Dkt. 19) to strike the First and Tenth affirmative defenses and paragraph 135 of the Answer. Defendants have also agreed to strike their Second, Third, Fourth, Sixth, Seventh, and Eighth affirmative defenses and to re-allege them as the following single affirmative defense:

> As a first affirmative or other defense, defendants allege that plaintiff was not and/or is not entitled to long term disability benefits under the subject plan and/or the subject group policy issued by CLICNY, Group Policy No. NYK-960092, and that CLICNY's claim decision (denying plaintiff long term disability benefits under the subject plan and/or under CLICNY Group Policy No. NYK-960092), was correct, proper and reasonable and was not arbitrary or capricious.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial [.]" <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir.1993) (citations omitted).

//

2

**III. DISCUSSION**

**A. The Affirmative Defenses**

**1. First, Second, Third, Fourth, Sixth, Seventh, Eighth and Tenth Defenses**

Defendants have agreed to strike the First and Tenth affirmative defenses and to consolidate several others into the single, proposed affirmative defense set forth above. Defendants' proposed amended affirmative defense – if it includes citation to the policy provisions Defendants presently have reason to believe Plaintiff has not complied with – will put Plaintiff on adequate notice of a potentially meritorious defense. See generally Ashcroft v. Iqbal,129 S. Ct. 1937 (2009). Accordingly, the First and Tenth affirmative defenses are stricken with prejudice and the Second, Third, Fourth, Seventh, and Eighth affirmative defenses are stricken without prejudice.

**2. Fifth, Ninth, and Eleventh Defenses**

Defendants Fifth affirmative defense provides in pertinent part:

> [D]efendants allege that the subject plan confers discretionary authority on [Cigna] to interpret the terms of the subject group policy [], to make factual findings, and to determine eligibility for disability benefits. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

Answer (Dkt. 12) ¶ 126. This defense puts Plaintiff on adequate notice that Defendants will argue that an arbitrary and capricious standard of review (rather than the default de novo standard of review) will apply in this case. See Graeber v. Hewlett Packard Co. Empl. Benefits Org. Income Prot. Plan, 421 F. Supp. 2d 1246, 1251 (N.D. Cal. 2006). This defense is not immaterial, impertinent, or scandalous. Moreover, the Court can see no prejudice to Plaintiff from allowing this defense to remain as pleaded even if, as a technical matter, it need not have been pleaded as an affirmative defense.

Defendants Ninth affirmative defense provides in pertinent part as follows:

> [I]f the Court should determine that plaintiff was and/or is disabled pursuant to the terms of the subject group policy[], which defendants dispute and deny, [Cigna] is entitled to offsets for other income received by plaintiff, including but not limited to Social Security disability,

3

> state paid disability, worker's compensation, and other group disability benefits.

Answer (Dkt. 12) ¶ 130. An offset is an appropriate matter to plead as an affirmative defense, and Defendants specify the sources of income most likely to be offset against any potential recovery. The Court finds this defense plausible on its face, and it does not contain any immaterial, impertinent, or scandalous matter. Iqbal,129 S. Ct. at 1937.

Defendants Eleventh affirmative defense provides in pertinent part:

> [D]efendants allege that the relief that plaintiff seeks in this action is limited and governed by the provisions of ERISA.

Answer (Dkt. 12) ¶ 132. This paragraph does not contain any immaterial, impertinent, or scandalous matter and puts Plaintiff on notice of a possible (albeit partial) defense to recovery. Moreover, the Court can see no prejudice to Plaintiff from allowing this defense to remain as pleaded even if, as a technical matter, it need not have been pleaded as an affirmative defense.

### B. The Responses to Defendants Numbered Allegations

#### 1. Introductory Remarks

Plaintiff takes issue with Defendants' inclusion at the outset of the Answer of two prefatory paragraphs. The first (paragraph "a") sets forth the basic pleading rules requiring a "short and plain statement of the claim" and that "[e]ach allegation must be simple, concise, and direct" and asserts that Plaintiff has violated these rules. Answer (Dkt. 12) ¶ a. The second (paragraph "b") explains that a particular Defendant, although joining the Answer generally, lacks knowledge as to the truth or falsity of the substantive allegations in the Complaint except where otherwise noted in the Answer.

Paragraph "a" is immaterial to the Answer and will therefore be stricken. Paragraph "b", on the other hand, clarifies the Answer in important ways and is not redundant, immaterial, impertinent, or scandalous. Accordingly, the Court will not strike paragraph "b".

//
//

4

### 2. Defendants' "The Documents Speak For Themselves" Responses are Acceptable

Plaintiff takes issue with Defendants' inclusion at several points in the Answer of the response that "the document speaks for itself." Although Plaintiff is correct that such response, standing alone, does not pass muster under Rule 8, Defendants did more than merely include that response. Rather, Defendants also made admissions and conditional and general denials as they deemed necessary given the substance and extent of the allegations in each paragraph. Taken in their entirety, the Court finds Defendants' responses to satisfy the requirements of Rule 8(b)(1). Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, --- F. Supp. 2d ----, 2010 WL 2507769 at *7 (N.D. Cal. 2010). Accordingly, there is no basis upon which to strike those responses or to deem the allegations admitted.

### 3. Defendants Have Denied Plaintiff's Legal Conclusions and their Assertions that they Lack Sufficient Knowledge or Information to Respond to Certain Factual Allegations are Acceptable Under Rule 8

Plaintiff makes a broad contention that Defendants have inappropriately denied certain allegations that they had no basis to deny. On the basis of the information presently before the Court, it cannot say that any of the denials in the Answer were without a good faith basis. Moreover, taking the Answer as a whole, Defendants have denied Plaintiff's legal conclusions. To require Defendants to do more at this stage, or to interpret any of their denials as unstated admissions, would be to run afoul of the requirement that the Court construe the pleadings in the interest of justice as required by Rule 8(e). Barnes, --- F. Supp. 2d ----, 2010 WL 2507769 at *7. Accordingly, there is no basis upon which to strike any responses or to deem any allegations admitted.

//
//
//
//
//
//

5

## IV.    CONCLUSION

For the foregoing reasons Plaintiff's Motion is GRANTED in part and DENIED in part as set forth above.

**IT IS SO ORDERED.**

Dated: August 23, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE